**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **NO. 1:17-cr-00315-SS-6** |
| | § | |
| **JACOB GUZMAN (6)** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE SAM SPARKS**
         **UNITED STATES DISTRICT JUDGE**

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   PROCEDURAL BACKGROUND**

On April 26, 2018, Jacob Guzman was sentenced to 30 months imprisonment, followed by a six-year term of supervised release, for Conspiracy to Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine Near a School, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846, and 860. His supervision commenced on November 7, 2019.

In an Amended Petition for Warrant or Summons for Offender under Supervision ("Petition") (Dkt. No. 358), the Probation Office alleges that Mr. Guzman violated two mandatory conditions of his supervision (not to commit another crime or unlawfully use a controlled substance) and two special conditions (to participate in a substance abuse treatment program and not to use or possess alcohol). On November 9, 2019 – two days after his supervision commenced – Mr. Guzman was

arrested by police in Kyle, Texas, and charged with Driving While Intoxicated, Driving While License Invalid, and Resisting Transportation. On March 29, 2020, Mr. Guzman again was arrested by Kyle police and charged with Failure to Identify. All four state charges remain pending in Hays County, where Mr. Guzman is set for plea and sentencing on June 25, 2020.

In addition, four times during his brief period of supervision, Mr. Guzman submitted to random drug tests that were returned positive for controlled substances: cocaine (December 16, 2019 and January 23, 2020), marijuana (February 20, 2020), and marijuana, cocaine, and amphetamines (February 24, 2020). Mr. Guzman also was unsuccessfully terminated from his mandatory substance abuse treatment program at Kearley and Schmitt on February 18, 2020.

The undersigned authorized the issuance of a warrant for Mr. Guzman's arrest on March 5, 2020, and set a preliminary and final revocation hearing at 2:30 p.m. on May 12, 2020. Mr. Guzman has waived his right to a preliminary revocation hearing (Dkt. No. 361).

## II.  ANALYSIS

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On May 6, 2020, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition") (Dkt. No. 362). The Agreed Recommended Disposition states that Mr. Guzman wishes to plead true to violating Mandatory Condition No. 3 (not to unlawfully use

a controlled substance) and the special condition of his supervision requiring him to participate in a substance abuse treatment program. Specifically:

> Mr. Guzman admits that he was unsuccessfully discharged from the substance abuse counseling program at Kearley and Schmitt and that he has submitted multiple random drug tests that returned positive for drug use. He asks the Court to accept his plea of true to the alleged violation of the special condition and to the violation of Mandatory Condition No. 3 and find that the proposed agreed resolution of the case would be an appropriate disposition.

*Id.* at 2 (footnote omitted). Mr. Guzman remained silent as to the remaining alleged violations due to the pending state charges. *See id.* at 2 n.1.

The filing further states that Mr. Guzman's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office (Dkt. No. 359) with Mr. Guzman and advised him of his right to a preliminary and final revocation hearing, including his rights to either be physically present or to appear by video, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 2. The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Guzman wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* The agreed filing further states:

> The parties have conferred in this case and agreed that an appropriate resolution of this matter would be to accept Mr. Guzman's plea of true to the alleged violation of the special condition, revoke Mr. Guzman's term of supervised release, sentence Mr. Guzman to a period of incarceration of eight (8) months, and find that no supervised release should follow. This disposition is favorable to Mr. Guzman, and the Government does not object to it.

### III. FINDINGS OF THE COURT

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Guzman's plea of "True" to the violation of Mandatory Condition No. 3 (not to unlawfully use a controlled substance) and to violation of the special condition requiring him to participate in a substance abuse treatment program, the Court finds that Mr. Guzman violated conditions of his supervised release by unlawfully using controlled substances and failing to participate in a substance abuse treatment program. In making a recommendation, the Court also considers the state charges pending against Mr. Guzman, to which he does not object. *Id.* at 2 n.1.

### IV. RECOMMENDATIONS

Based on the agreement of the Government and the Defendant (Dkt. No. 362), the Court **RECOMMENDS** that Mr. Guzman's supervised release be **REVOKED** and that Mr. Guzman be sentenced to eight (8) months incarceration with no supervised release to follow.

### V. OBJECTIONS

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on May 7, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE